**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSE DERRICK BOND**, BZ-2493 | ) | |
| | ) | 2:11cv1342 |
| Plaintiff, | ) | Electronic Filing |
| | ) | |
| v. | ) | |
| | ) | Judge Cercone |
| **DAVID HORNE**; *et al.*, | ) | Magistrate Judge Eddy |
| Defendants. | ) | |
| | ) | |

<u>**MEMORANDUM ORDER**</u>

The above captioned case was initiated by the filing of a Motion To Proceed *In Forma Pauperis* (ECF No. 1) on October 24, 2011, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the local rules of court.

On August 16, 2012, the Magistrate Judge filed a Report and Recommendation (ECF No. 49) recommending that Defendants' Motion to Dismiss (ECF No. 34) be granted on the basis that Plaintiff had failed to comply with the mandatory exhaustion requirement in the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Specifically, the Magistrate Judge determined that Plantiff failed to comply with the administrative grievance procedure for Pennsylvania inmates as codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804, entitled "Consolidated Inmate Grievance Review System." Plaintiff filed Objections to the Report and Recommendation on September 4, 2012 (ECF No. 54). In his Objections, Plaintiff asserts that his claims related to the issuance of an allegedly false misconduct and that he was unable to exhaust his claims through DC-ADM 804 because that policy prohibits the filing of a grievance with respect to disciplinary issues. The Magistrate

Judge ordered Defendants to respond to Plaintiff's Objections, which Defendants did on September 19, 2012 (ECF No. 55).  Plaintiff filed a Reply to this Response on October 2, 2012.  For the reasons that follow, Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge that Defendants' Motion to Dismiss should be granted.

<u>**Legal Discussion**</u>

The Pennsylvania Department of Corrections (DOC) has three different administrative remedy processes that in combination permit inmates to challenge every aspect of confinement.  These policies include:  1) the Inmate Discipline Policy, DC–ADM 801; 2) the Inmate Grievance Policy, DC–ADM 804; and 3) the Administrative Custody Policy, DC–ADM 802.  Pertinent to this case is DC-ADM 804 and DC-ADM 801.  As stated in the Report and Recommendation, pursuant to DC–ADM 804, all inmates under the jurisdiction of the DOC shall have access to a formal procedure for the resolution of problems or other issues of concern arising during the course of confinement.  An inmate may file a grievance within fifteen (15) working days after the events upon which the claims are based.  RHU inmates are not precluded from filing grievances under DC–ADM 804 related to issues impacting their quality of life, other than the reasons for the RHU confinement.  After the receipt of the initial review decision, an inmate may file an appeal to the Facility Manager (Superintendent) within ten (10) working days.  Once an inmate receives the Facility Manager's decision, he may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals within fifteen (15) working days.  If a grievance is determined to be improperly submitted, it is assigned a grievance number and returned to the inmate unprocessed.  An improperly submitted grievance, if resubmitted, must be resubmitted under the same grievance number within five (5) working days.  An appeal to final review

cannot be completed unless an inmate complies with all established procedures.

DC–ADM 801, the Inmate Discipline Policy, provides a process for resolution of alleged inmate violations.  Specifically, the initial misconduct is heard by a Hearing Examiner.  Upon a finding of guilt, a Prisoner may appeal that determination to the Program Review Committee (PRC) within fifteen days of the hearing.  The PRC's written decision must be provided to the inmate within seven (7) working days of receipt.  An inmate may appeal the decision of the PRC to the Facility Manager/designee within seven (7) calendar days of receipt of the written PRC decision.  The written decision of the Facility Manager/designee must be forwarded to the inmate within seven (7) working days of receipt of the appeal.  An inmate may appeal the decision of the Facility Manager/designee to the Office of Chief Hearing Examiner (OCHE) within seven (7) calendar days of the receipt of the Facility Manager's/designee's decision.

As is the case with respect to conditions of confinement claims, the federal courts in Pennsylvania have determined that Pennsylvania prisoners raising claims arising from their disciplinary actions must fully exhaust those claims in accordance with applicable procedures, *i.e.*, those set forth in DC-ADM 801.  *See, e.g.*, Hamm v. Rendell, 246 Fed. App'x 150, 153 (3d Cir. 2007); Torres v. Clark, Civil No. 1:10-1323, 2012 WL 4484915, 12 (M.D. Pa. Sept. 27, 2012); Hagan v. Chambers, Civil No. 1:08-1766, 2010 WL 4812973, 6-7 (M.D. Pa. Nov. 19, 2010).

In their Response to Plaintiff's Objections, Defendants assert that, regardless of the applicable policy, 801 or 804, Plaintiff has not exhausted because he failed to seek final review of his disciplinary misconduct.  By his own admission, he stopped his appeals when the Superintendent allegedly failed to respond to the second level appeal.  However, it was

incumbent upon Plaintiff to have sought further review in the OCHE after the seven days expired for the Superintendent to provide Plaintiff with his response.  Had Plaintiff taken this required step, he would have been given the opportunity to have secured the necessary paperwork or he may have received a waiver from this requirement from the OCHE.  His failure to have even attempted to exhaust his claim fully requires dismissal because it results in procedural default. *Accord* Hagan v. Chambers, 2010 WL 4812973, 6-7 (holding that because inmate failed to appeal the misconduct to final review, he failed to exhaust his administrative remedies).

Plaintiff also filed a Supplemental Objection on September 20, 2012 (ECF No. 56) claiming that the PLRA did not apply to his breach of contract claim in Count IX.  In that claim, Plaintiff asserts that Defendants have violated the settlement agreement reached in Bond v. FNU Rhodes, Civil No. 06-1515.  First, a breach of contract claim in not cognizable under 42 U.S.C. § 1983 as it does not state a violation of constitutional rights.  Second, there is no basis for this court to exercise supplemental jurisdiction over such a claim in this action.  *See* United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  Finally, to the extent Plaintiff seeks to enforce the settlement agreement, he must file a motion to enforce the agreement in that case, not this one.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections and Response thereto, the following order is entered:

4

**AND NOW**, this 16th day of January, 2013;

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 34) is **GRANTED** and it would be futile to allow Plaintiff the opportunity to amend.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF. No. 49) dated August 16, 2012, as augmented in this Memorandum Opinion, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:     Jesse Derrick Bond
        BZ-2493
        SCI-Graterford
        Box 244
        Collegeville, PA 19426-0244
        (*Via First Class Mail*)

        Robert A. Willig, Esquire
        (*Via CM/ECF Electronic Mail*)

5