# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSE DERRICK BOND**, | ) |
| | ) 2:11cv1342 |
| Plaintiff, | ) Electronic Filing |
| | ) |
| v. | ) Magistrate Judge Cynthia Reed Eddy |
| | ) Judge David Stewart Cercone |
| **DAVID HORNE, et al.**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case was commenced on October 24, 2011, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

Defendants filed a Motion for Summary Judgment (ECF No. 89), but did not seek summary judgment on the retaliation claim against Defendant Horne. Plaintiff filed his own Motion for Partial Summary Judgment (ECF No. 93) and Supplemental Motion for Partial Summary Judgment (ECF No. 108). Neither Defendants nor Plaintiff sought summary judgment on all counts.

On April 14, 2015, Magistrate Judge Cynthia Reed Eddy filed a Report and Recommendation (ECF No. 121) recommending that Defendants' Motion for Summary Judgment be granted and Plaintiff's Partial and Supplemental Motions for Summary Judgment be denied. Plaintiff was served with the Report and Recommendation at his listed address and was

advised written Objections to the Report and Recommendation were due by May 1, 2015. Pursuant to the prisoner mailbox rule, Plaintiff timely filed Objections (ECF No. 122), to which Defendants filed a Response (ECF No. 124).

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the Objections thereto, and the Response to Objections, plaintiff's defendants' motion for summary judgment will be granted, plaintiff's motion for partial summary judgment and supplemental motion for partial summary judgment will be denied, plaintiff's objections will be overruled and the Magistrate Judge's April 14, 2015 Report and Recommendation as augmented above will be adopted as the opinion of the court.

Plaintiff raises five (5) objections to the Report and Recommendation, none of which undermine the recommendation of the Magistrate Judge. Plaintiff's objections are addressed seriatim.

In his first objection, Plaintiff argues that the Magistrate Judge erred in recommending that summary judgment be granted on his due process claim. Plaintiff contends that his procedural due process rights were violated because (i) "the disciplinary proceedings were initiated against Plaintiff by Horne for the sole purpose of retaliating against" him and (ii) he was not afforded necessary process by the Hearing Examiner during his disciplinary hearing.

The United States Court of Appeals for the Third Circuit has held that, "so long as . . . procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (citing *Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986)). As

reflected in the summary judgment record, Plaintiff had a full opportunity to challenge his misconduct and raise his retaliation claims before both the Hearing Examiner and the Program Review Committee. The fact that the Hearing Examiner did not watch surveillance footage, assuming such footage existed, does not in itself render the hearing procedurally deficient. *McKeithan v. Beard*, 322 F. App'x 194, 201 (3d Cir. 2009) ("the videotape and photographs at most constitute potentially exculpatory evidence, which prison officials have no constitutional obligation to preserve or consider.")

Furthermore, Plaintiff was charged with a disciplinary offense, not a state crime. While state crimes can require the state to prove a specific intent requirement, disciplinary offenses do not require such a showing. Prison disciplinary proceedings are not even criminal prosecutions and a prisoner is not afforded the full panoply of rights which accompany a criminal trial. Therefore, there was no requirement that the Hearing Examiner find that Plaintiff had the specific intent to assault Horne. For all these reasons, the Court finds that Plaintiff's allegations do not show any procedural due process violations. Therefore, Plaintiff's first objection is without merit.

Plaintiff's remaining four objections require little additional discussion. Plaintiff objects that the Magistrate Judge recommended that his breach of contract claim be dismissed because exclusive jurisdiction rests with the Pennsylvania Board of Claims. As explained in the Report and Recommendation, because the Order of Dismissal filed on August 3, 2010, contains no provision retaining jurisdiction, Plaintiff's claim is a straightforward state law breach of contract action. And while such a claim ordinarily would come under the Court's supplemental

jurisdiction pursuant to 28 U.S.C. § 1367, the Commonwealth has not waived its Eleventh Amendment immunity to permit that, and thus a state law breach of contract claim against the Commonwealth can only be brought before the Pennsylvania Board of Claims. *See* 62 Pa. Const. Stat. § 1724. Consequently, Plaintiff's second objection must be overruled.

Plaintiff's third objection concerns the Magistrate Judge's recommendation that his state law claims of harassment and filing a false report be dismissed on sovereign immunity grounds. Plaintiff argues that Defendant Horne's conduct was not within the scope of his employment. The issuance of inmate misconduct reports by correctional officers is the type of conduct that is within the scope of employment. Therefore, Plaintiff's third objection is wide of the mark.

Plaintiff's fourth objection is that the Magistrate Judge erred in refusing to address his claims of promissory estoppel / detrimental reliance. The record reflects that Plaintiff raised this claim for the first time in his Supplemental Motion for Partial Summary Judgment. Plaintiff cannot bring new claims at this stage of the litigation without first seeking leave of Court to do so. The Magistrate Judge was correct in declining to address this new claim.

However, assuming *arguendo* that this claim properly is before the Court, summary judgment is appropriate. In order to maintain an action in promissory estoppel, the aggrieved party must show, *inter alia*, that "the promisee actually took action or refrained from taking action in reliance on the promise." *Crouse v. Cyclops Indus.,* 745 A.2d 606, 610 (Pa. 2000). *See also Edwards v. Wyatt*, 335 F.3d 261, 277 (3d Cir. 2003). Any action taken in reliance on a promise must be detrimental before a plaintiff can prevail on a promissory estoppel claim. The summary judgment record is devoid of any evidence which reflects that Plaintiff took any sort of

action to his detriment in reliance on Defendant's promise to separate him from Defendant Horne. Accordingly, summary judgment should be granted on Plaintiff's claim of promissory estoppel and Plaintiff's fourth objection is unavailing.

Plaintiff's final objection is that the Magistrate Judge erred in recommending that his Partial Motion for Summary Judgment be denied because he is entitled to summary judgment "due to the defendants' use of perjury in summary judgment proceedings." Plaintiff misconstrues a difference of opinion as perjury. He does not dispute that he admitted to the Hearing Officer that he pushed his food off the aperture towards Defendant Horne. The Hearing Examiner took that admission as a guilty plea. Plaintiff argues that admitting to those facts does not amount to a guilty plea. Assuming that assertion to be accurate, plaintiff fails to appreciate that his admission is a sufficient basis for the hearing officer to make the necessary findings to support the misconduct violation. Because there is no factual support for Plaintiff's allegation that Defendants "continue to perpetuate the intentional falsehood and misrepresentations," or his assertion that defendants have used "perjury in summary judgment proceedings," plaintiff's fifth objection likewise must be overruled.

For the reasons set forth above, defendants' motion for summary judgment will be granted, plaintiff's motion for partial summary judgment and supplemental motion for partial summary judgment will be denied, plaintiff's objections will be overruled and the magistrate judge's April 14, 2015 Report and Recommendation as augmented above will be adopted as the

opinion of the court. An appropriate order will follow.

Date: August 14, 2015

										s/David Stewart Cercone
										David Stewart Cercone
										U.S. District Court Judge


cc:	JESSE DERRICK BOND
	BZ-2493
	Box 244
	Graterford, PA 19426-0244

	(via U.S. First Class Mail)

	Robert A. Willig
	Office of Attorney General

	(Via CM/ECF Electronic Mail)